647 So.2d 139 (1994)
Peter APOL, Jr., Lem T. Associates, Basic Realty, Inc. and Coastline Corp. of Florida, Appellants,
v.
Donna L. SHAW and Pizza Hut of America, Inc., Appellees.
No. 93-79.
District Court of Appeal of Florida, First District.
April 27, 1994.
Irwin J. Weiner of Weiner & Cannon, P.A., Ocala, for appellants.
Jennings L. Hurt, III and Randy E. Schimmelpfennig, Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for appellees.

CORRECTED OPINION
KAHN, Judge.
Our opinion previously filed in this case at 19 Fla. L. Weekly D326 (Fla. 1st DCA Feb. 11, 1994) is hereby withdrawn and the following substituted in its place. We otherwise deny appellees' Motion for Rehearing.
In this appeal from a final summary judgment, appellants contend that the trial court erred in ruling that an agreement for a tenant to procure liability insurance with the landlord as a named insured is an agreement to indemnify that is unenforceable because it *140 fails to clearly state an intent that the tenant indemnify the landlord for the landlord's own negligence. We agree and reverse the trial court's order.
In 1986, Lem T. Associates (Lem T.), a general partnership consisting of Basic Realty, Inc., and Coastland Corporation of Florida, owned a strip shopping center on Lem Turner Road in Jacksonville. In February 1986, Appellee Pizza Hut of America, Inc. (Pizza Hut), entered a 3-year lease agreement wherein it leased from Lem T. one retail space in the 15-space strip shopping center for use as a Pizza Hut restaurant. The lease contained an insurance provision which stated in part:
VI. Insurance
A. Lessee agrees upon possession of premises to have in force and effect liability insurance covering the demised premises. Said policy ... shall be in the amount of at least One Million Dollars ($1,000,000) combined single limit coverage, which said policy or policies of insurance shall name lessor as an additional insured thereunder. Lessee agrees to maintain the same at Lessee's sole cost and expense in full force and effect during the entire term of this lease.
On September 27, 1987, Pizza Hut employee, Donna L. Shaw, the plaintiff below, was accosted by an unknown assailant when she was walking out to her car in the parking lot immediately adjacent to the Pizza Hut bakery after closing. She was forced to reopen the front door of the Pizza Hut and to proceed to the rear of the restaurant where the safe was located. When an audible alarm went off, the assailant stabbed and severely injured Ms. Shaw.
Ms. Shaw filed suit against Lem T., alleging that Lem T. was negligent in failing to provide adequate security and adequate lighting. She later amended her suit to bring claims against individual managerial employees of Pizza Hut, alleging gross negligence on their part for failure to install adequate lighting in and outside the Pizza Hut premises and/or to provide security guard service during evening hours.
After determining that Pizza Hut's liability policy covering the leased premises did not include Lem T. as a named insured, Lem T. filed a third party complaint against Pizza Hut seeking recovery for Pizza Hut's breach of the foregoing lease provision.
Pizza Hut filed a motion to dismiss Lem T.'s third party complaint for failure to state a cause of action. After the trial court denied the motion to dismiss, Pizza Hut filed a motion for summary judgment, arguing that the language requiring Pizza Hut to have in force and effect liability insurance covering the demised premises was an agreement to indemnify and as such it did not contain language clearly showing an intent to indemnify Lem T. for its own negligence, therefore rendering it unenforceable. Circuit Judge Michael R. Weatherby denied the motion by order dated March 3, 1992.
Thereafter, the action was assigned to another circuit judge. Ms. Shaw filed third and fourth amended complaints, amending her jurisdictional allegations against the individual Pizza Hut employees. After taking the deposition of Peter Apol, the President of Basic Realty who negotiated the lease on behalf of Lem T., Pizza Hut renewed its motion for summary judgment. The second judge granted the summary judgment by order of November 24, 1992, relying upon University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973) (contract for indemnity will not be sustained where it purports to indemnify the indemnitee from liability resulting from his own negligent acts unless such intention is expressed in clear and unequivocal terms). The trial court interpreted the agreement to insure as an indemnification agreement and found the agreement did not have language clearly showing an intent to indemnify Lem T. for its own negligence. Final Summary Judgment was rendered on December 7, 1992.
The trial court erred in granting summary judgment for Pizza Hut and against Lem T. as third party plaintiffs. See Cone Bros. Contracting Co. v. Ashland-Warren, Inc., 458 So.2d 851 (Fla. 2d DCA 1984), rev. denied, 464 So.2d 554 (Fla. 1985) (trial court did not err in granting summary judgment for appellee contractor on breach of contract *141 claim where contract between general contractor and subcontractor required subcontractor to obtain liability insurance which included contractor as named insured and which provided that contractor would also be insured to protect it from all claims, suits or liabilities arising from the construction project). Pizza Hut breached the lease provision requiring it to name Lem T. as an additional insured. Lem T.'s third party complaint stated a cause of action for breach of contract arising from Pizza Hut's failure to maintain liability insurance covering the demised premises and naming Lem T. as an additional insured. In the present case, as in Cone Bros., liability of the obligor under the contract was not "based on the indemnity clause, but on its breach of contract by failing to make [the obligee] a named insured." 458 So.2d at 855.
The Cone Bros. court distinguished University Plaza because liability in University Plaza was premised on an indemnity provision, not breach of contract:
The contract in University Plaza also contained a clause requiring the proposed indemnitee to be insured by a policy of insurance maintained by the indemnitor. However, in University Plaza, the policy of insurance insuring the indemnitee was actually issued. The distinguishing fact is that the trial court found and the supreme court affirmed, that the policy of insurance there only applied when the indemnitor or named insured was liable and did not extend to the liability of the indemnitee.
458 So.2d 851.
Acknowledging failure to obtain insurance, Pizza Hut urges us nonetheless to uphold the summary judgment, arguing that no damages could have resulted from the failure to insure. The lease required Pizza Hut to provide liability insurance only on the "demised premises" and, as Pizza Hut reads the complaint, Ms. Shaw alleged that Lem T.'s negligence occurred in the parking lot and not on the demised premises. The parties dispute whether the complaint alleges Lem T.'s negligence occurred on the demised premises. The trial court did not reach that issue. The issue therefore is not at this point ripe for appellate consideration. Accordingly, we REVERSE the final summary judgment, and REMAND for further proceedings.
JOANOS and WEBSTER, JJ., concur.