948 So.2d 928 (2007)
ROUSE-MIAMI, LLC., d/b/a Bayside Marketplace, Appellant,
v.
BENTLEY'S LUGGAGE CORPORATION, etc., Appellee.
No. 3D06-990.
District Court of Appeal of Florida, Third District.
February 14, 2007.
*929 Lane, Reese, Aulick, Summers Ennis and John J. Cavo, Coral Gables, for appellant.
Hinshaw Culbertson and Maureen G. Pearcy and Andrew E. Grigsby, Miami and James H. Wyman, Fort Lauderdale, for appellee.
Before WELLS, and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
WELLS, Judge.
Rouse-Miami D/B/A Bayside Marketplace appeals a summary judgment in favor of Bentleys Luggage Corp., in which the trial court concluded that Bentley's had no contractual duty to indemnify Bayside on a claim of negligent security asserted by a Bentley's employee and that Bentley's did not breach a contractual duty to secure non-deductible general liability insurance coverage for Bayside. We affirm in part and reverse in part.
This action stems from injuries sustained by a Bentley's employee during an altercation with a business invitee at Bentley's leased premises at Bayside. The employee claims that Bayside negligently failed to send security to his aid when he called for help.
Bayside was granted leave to file a third party complaint against Bentleys. In that complaint Bayside claimed contractual and common law indemnity[1] and contribution arguing that under the parties' lease, Bentleys agreed to defend and indemnify Bayside for injuries suffered by third parties such as Bentley's injured employee.[2] Bayside also claimed that Bentley's was contractually obligated to secure non-deductible general liability insurance to protect Bayside against all claims arising from Bentley's tenancy, but had failed to do so.
We agree with the trial court that Bentley's was not obligated to indemnify Bayside against the claims of Bentley's employee. The indemnification clause contained in the Bentley's/Bayside lease obligates Bentley's to indemnify Bayside in connection with personal injury "suffered by third parties arising from or out of" Bentley's occupancy. However, this same provision also confirms that Bentley's employees are not "third parties."
Moreover, the indemnification clause at issue clearly did not state the intention to indemnify Bayside from liability resulting from its own negligent acts. See Cone Bros. Contracting Co. v. Ashland-Warren, Inc., 458 So.2d 851, 855 (Fla. 2d DCA 1984)(observing "a contract for indemnity will not be sustained where it purports to indemnify the indemnitee from liability resulting from his own negligent acts, unless such intention is expressed in clear and unequivocal terms"); see also Univ. Plaza Shopping Ctr., Inc. v. Stewart, 272 So.2d 507, 511 (Fla.1973). (observing that the use of the general terms "`indemnify . . . against any and all claims'" would not be construed as disclosing an intention to indemnify for consequences "arising Solely from the negligence of the indemnitee.") *930 The court below was, therefore, correct in concluding that Bayside could not recover on its claim for indemnification.
The trial court was not, however, correct in granting summary judgment on that portion of Bayside's claim relating to Bentley's contractual obligation to secure non-deductible general liability insurance coverage for Bayside. The contract called for Bentley's to secure general liability and all risks property and casualty insurance policies with Bayside to be named "as an additional insured." Thus, the contract called for insurance policies that not only insured Bentley's for any liabilities it might have to Bayside, but also provided that Bayside would be insured to protect it from any liability "arising out of the ownership, use, occupancy or maintenance of the Premises." See Cone Bros., 458 So.2d at 855.
While the lease clearly and unambiguously obligates Bentley's to secure such "non-deductible" insurance for Bayside's benefit, the undisputed evidence is that the policy secured by Bentley's has a substantial deductible. Under the circumstances, summary judgment in Bentley's favor on this part of Bayside's claim cannot be sustained. See Id. (concluding that subcontractor's liability was not based on the indemnity clause, but on its breach of contract by failing to make general contractor a named insured); see also Apol v. Shaw, 647 So.2d 139, 141 (Fla. 1st DCA 1994) (concluding "Lem T.'s third party complaint stated a cause of action for breach of contract arising from Pizza Hut's failure to maintain liability insurance covering the demised premises and naming Lem T. as an additional insured").
Accordingly, the order granting summary judgment in Bentley's favor is affirmed as to Bayside's indemnification claim but reversed as to its claim regarding Bentley's failure to secure non-deductible general liability insurance.
NOTES
[1] Bayside abandoned its claim for common law indemnification below.
[2] Bayside also sought declaratory relief against Bentley's insurer.